Mark D. Bernstein #2642
63 Merchant Street
Honolulu, Hawai'i 96813
Tel. No.     (808) 537-3327
Fax No.     (808) 538-7049
E-mail: markdb@hawaii.rr.com

PAUL MAKI            #1159
1100 Alakea Street, 23rd Floor
Honolulu, Hawai'i 96813
Tel. No.     (808) 545-1122
Fax No.     (808) 545-1711
E-mail: pmaki@makilaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MOUNTAIN APPLE COMPANY, INC. and MARLENE K. KAMAKAWIWO'OLE as Trustee of the Marlene K. Kamakawiwo'ole Revocable Trust, individually and doing business as Big Boy Records,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>CLEOPATRA RECORDS, INC.<br><br>　　　　　　Defendant. | Civil No. 06-00578 JMS/KSC<br><br>STIPULATION FOR ENTRY OF PERMANENT INJUNCTION AND JUDGMENT; (PROPOSED) JUDGMENT AND PERMANENT INJUNCTION |

1

STIPULATION FOR ENTRY OF PERMANENT
INJUNCTION AND JUDGMENT

Plaintiffs MOUNTAIN APPLE COMPANY, INC. ("Mountain Apple") and MARLENE K. KAMAKAWIWO'OLE as Trustee of the Marlene K. Kamakawiwo'ole Revocable Trust, individually and doing business as Big Boy Records ("the Trust"), and Defendant CLEOPATRA RECORDS, INC., hereby stipulate to the following terms, and that the Court may enter a final Judgment and Permanent Injunction in favor of plaintiffs and against defendant, in the proposed form attached hereto, without further notice or appearance by the parties, as follows:

1. Plaintiffs have made the following allegations:

    A. Plaintiffs allege that Mountain Apple is in the business of producing and distributing musical and other audio recordings in the State of Hawai'i, the Mainland United States, and throughout the world.

    B. Plaintiffs allege that the Trust is the successor-in-interest to Israel Kamakawiwo'ole; is the owner and operator of Big Boy Records ("Big Boy"), and is the owner of a federal trademark registration, Registration No. 2,638,551, for the "IZ" mark for sound recordings in International Class 9 and for hats and t-shirts in International Class 25.

    C. Plaintiffs allege that the Trust has entered into license agreements with Mountain Apple giving it the exclusive right to manufacture and distribute

recordings of Mr. Kamakawiwoʻole's works, and the exclusive right to use the mark, "IZ," in connection therewith.

D. Plaintiffs allege that Mountain Apple is the copyright proprietor of the musical composition White Sandy Beach of Hawaiʻi, registered with the U.S. Copyright Office, pursuant to Title 17, United States Code, on March 31, 1995, and bearing copyright registration number PA 700-975.

E. Plaintiffs allege that Big Boy is the copyright proprietor of the sound recording, Alone in IZ World, registered for with the U.S. Copyright Office, pursuant to Title 17, United States Code, on October 4, 2001, and bearing copyright registration number SR 306-497.

F. Plaintiffs allege that the works described in paragraphs D and E above are hereinafter referred to as the "Copyrighted Works."

G. Plaintiffs allege that Cleopatra Records, Inc., doing business as Big Eye Music ( hereafter "Cleopatra") has released and has been marketing, on the Internet and otherwise, a CD sound recording entitled Over the Rainbow A Hawaiin [sic] Tribute to Israel Kamakawiwoʻole ( hereafter, the "Album") that displays the "IZ" trademark and contains recordings entitled White Sandy Beach of Hawaiʻi, Mona Lisa and Kaleohano, which are substantially similar to the Copyrighted Works.

H. Plaintiffs allege that Cleopatra's use of the "IZ" trademark has

caused, and/or is likely to cause, members of the consuming public to incorrectly believe that the Album is an authorized work of the plaintiffs, and/or that plaintiffs and defendant are affiliated with each other.

    I.    Plaintiffs allege that Plaintiffs have not authorized, or consented to, this use by Cleopatra of the "IZ" mark, or the Copyrighted Works.

    J.    Plaintiffs allege that Cleopatra's unauthorized use of the "IZ" mark and the Copyrighted Works has caused plaintiffs irreparable injury in that they are unable to reap the commercial value, or control the use to which the "IZ" mark and the Copyrighted Works are put.

    2.    Without admitting liability arising from plaintiffs' allegations, Cleopatra does hereby stipulate and agree that Cleopatra, its agents, officers, directors, shareholders, employees and attorneys, and all others in active concert or participation with them who receive actual notice of the Court's injunction, shall either take the actions or shall be, enjoined and restrained from:

    A.    The manufacture, distribution, marketing, advertising, and/or sale of the Album, and any other use of the musical composition White Sandy Beach of Hawai'i, or the sound recording, Alone in IZ World, or any other musical composition or sound recording substantially similar thereto; and

    B.    Any and all use of the trademark "IZ," or any other mark that is likely to cause confusion therewith.

4. (A) Cleopatra shall, within two (2) business days of the execution of this stipulation, issue a notice to Navarre Corp. (Navarre), which Cleopatra warrants and represents is its sole distributor of physical copies of the Album to:

    1. Immediately cease all distribution of the Album;

    2. Return all copies of the Album in Navarre's possession to Cleopatra for destruction pursuant to paragraph 5 below;

    3. Delete all references to the Album from Navarre's web site;

    4. Inform customers to return the Album to Navarre; and

    5. Return to Cleopatra all copies of the Album subsequently returned to Navarre for destruction pursuant to paragraph 5 below.

(B) Cleopatra shall, within two (2) business days of the execution of this stipulation, issue a notice to all entities engaged in the delivery of the Album via digital download, to cease the continued delivery of the Album via digital download and to "take down" the Album from each of the web sites offer it for sale via digital download delivery.

C. Cleopatra shall, within 10 days, provide MAC with a written statement, signed and sworn to be true and accurate by its president, of its full compliance with the provisions of this paragraph, together with a copy of the notices issued pursuant to provisions this paragraph.

5. Cleopatra shall destroy all copies of the Album recalled, received by it and/or currently in the possession of Cleopatra, after having first given MAC ten (10) days advance written notice of the place and time of the destruction and shall affirmatively allow MAC, or a representative of MAC, to witness the destruction of all copies of the Album. Cleopatra shall further advise MAC of any subsequent receipt together with the time and place of the destruction of further copies of the Album which are returned to Cleopatra by its distributor.

6. Cleopatra shall comply with this order immediately and remain in compliance herewith.

7. Cleopatra agrees that it shall receive notice of entry of the Judgment and Permanent Injunction by having the same served upon its attorney, S. Martin Keleti at 740 North La Brea Avenue, Los Angeles, California 90038-3339 by U.S. Mail, postage prepaid. Cleopatra understands and agrees that violation of the Judgment and Permanent Injunction will expose it to all penalties provided by law, including for contempt of court.

8. Cleopatra irrevocably and fully waives any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

9. Cleopatra shall not make any public statements that are inconsistent with

any term of this Stipulation to Judgment and Permanent Injunction.

10.   Cleopatra acknowledges that it has read this Stipulation to Judgment and Permanent Injunction, and the attached (Proposed) Judgment and Permanent Injunction, has had the opportunity to have them explained by counsel of its own choosing, fully understands them and agrees to be bound thereby, and will not deny the truth, or accuracy, of any term or provision herein.  Cleopatra warrants and represents that it has full authority and that there are no legal impediments to its execution and entry into this Stipulation to Judgment and Permanent Injunction.

11.   The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing the parties settlement agreement and this final Judgment and Permanent Injunction.

MOUNTAIN APPLE COMPANY, INC.
MARLENE K. KAMAKAWIWOʻOLE
Trustee of the Marlene K. Kamakawiwoʻole
Revocable Trust, individually and doing
business as Big Boy Records


By /s/ Mark D. Bernstein                           Dated: _____
   Mark D. Bernstein
   Their Attorney

CLEOPATRA RECORDS, INC.


By <u>/s/ Martin Keleti        </u>        Dated: _____
   S. MARTIN KELETI
   Attorney for Defendant




<u>Mountain Apple Company, Inc., et al. v. Cleopatra Records, Inc.</u>, Civil No. 06-00578 JMS/KSC, Stipulation for Entry of Permanent Injunction and Judgment

Mark D. Bernstein #2642
63 Merchant Street
Honolulu, Hawai'i 96813
Tel. No.     (808) 537-3327
Fax No.     (808) 538-7049
E-mail: markdb@hawaii.rr.com

PAUL MAKI     #1159
1100 Alakea Street, 23rd Floor
Honolulu, Hawai'i 96813
Tel. No.     (808) 545-1122
Fax No.     (808) 545-1711
E-mail: pmaki@makilaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOUNTAIN APPLE COMPANY, INC. and MARLENE K. KAMAKAWIWO'OLE as Trustee of the Marlene K. Kamakawiwo'ole Revocable Trust, individually and doing business as Big Boy Records, | Civil No. 06-00578 JMS/KSC <br><br> (PROPOSED) JUDGMENT AND PERMANENT INJUNCTION |
| Plaintiffs, | |
| vs. | |
| CLEOPATRA RECORDS, INC. | |
| Defendant. | |

1

## JUDGMENT AND PERMANENT INJUNCTION

The Court, having considered the Stipulation to Judgment and Permanent Injunction executed by the parties, filed herein on _____ ___, 2007, and based upon said Stipulation to Judgment and Permanent Injunction enters the following Judgment and Permanent Injunction.

IT IS ORDERED AND ADJUDGED THAT:

1. Defendant Cleopatra Records, Inc., its agents, officers, directors, shareholders, employees and attorneys, and all others in active concert or participation with them, who receive actual notice of the Court's injunction shall either take the actions or shall be, enjoined and restrained from:

    A. The manufacture, distribution, marketing, advertising and/or sale of the phono-record Over the Rainbow a Hawaiin (sic) Tribute to Israel Kamakawiwoʻole, (hereafter referred to as the "Album") and any other use of the musical composition White Sandy Beach of Hawaiʻi, or the sound recording Alone in IZ World, or any other musical composition or sound recording substantially similar thereto; and

    B. Any and all use of the trademark "IZ," or any other mark that is likely to cause confusion therewith.

2. (A) Cleopatra shall within two (2) business days, issue a notice to Navarre Corp. ("Navarre"), who Cleopatra warrants and represents is its sole

distributor of physical copies of the Album to:

    i. Immediately cease all distribution of the Album;

    ii. Return all copies of the Album in Navarre's possession to Cleopatra for destruction pursuant to paragraph 3 below;

    iii. Delete all references to the Album from Navarre's web site;

    iv. Inform customers to return the Album to Navarre; and

    v. Return to Cleopatra all copies of the Album subsequently returned to Navarre for destruction pursuant to paragraph 3 below.

(B) Cleopatra shall, within two (2) business days, issue a notice to all entities engaged in the delivery of the Album via digital download, to cease the continued delivery of the Album via digital download and to "take down" the Album from each of the web sites offer it for sale via digital download delivery.

(C) Cleopatra shall, within 10 days, provide Mountain Apple Company, Inc., with a written statement, signed and sworn to be true and accurate by its president, of its full compliance with the provisions of this paragraph, together with a copy of the notices referred to in this paragraph.

3. Cleopatra shall destroy all copies of the Album recalled, received by

it and/or currently in the possession of Cleopatra, after having first given MAC ten (10) days advance written notice of the place and time of the destruction and shall affirmatively allow MAC, or a representative of MAC, to witness the destruction of all copies of the Album. Cleopatra shall further advise MAC of any subsequent receipt together with the time and place of the destruction of further copies of the Album which are returned to Cleopatra by its distributor.

4. Cleopatra shall comply with this order immediately and remain in compliance herewith.

5. Cleopatra agrees that it shall receive notice of entry of the Judgment and Permanent Injunction by having the same served upon its attorney, S. Martin Keleti at 740 North La Brea Avenue, Los Angeles, California 90038-3339 by U.S. Mail, postage prepaid. Cleopatra understands and agrees that violation of the Judgment and Permanent Injunction will expose it to all penalties provided by law, including for contempt of court.

6. Cleopatra has irrevocably and fully waived any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Cleopatra shall not make any public statements that are inconsistent with any term of this Stipulation to Judgment and Permanent Injunction.

8. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing the parties settlement agreement and this final Judgment and Permanent Injunction.

DATED: Honolulu, Hawai'i, _____, 2007.

_____
J. Michael Seabright
Judge of the above entitled Court

Mountain Apple Company, Inc., et al. v. Cleopatra Records, Inc., Civil No. 06-00578 JMS/KSC, Permanent Injunction and Judgment

5