Mark D. Bernstein          #2642
63 Merchant Street
Honolulu, Hawai'i 96813
Tel. No.    (808) 537-3327
Fax No.    (808) 538-7049
E-mail: markdb@hawaii.rr.com

PAUL MAKI        #1159
1100 Alakea Street, 23rd Floor
Honolulu, Hawai'i 96813
Tel. No.    (808) 545-1122
Fax No.    (808) 545-1711
E-mail: pmaki@makilaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOUNTAIN APPLE COMPANY, INC. and MARLENE K. KAMAKAWIWO'OLE as Trustee of the Marlene K. Kamakawiwo'ole Revocable Trust, individually and doing business as Big Boy Records, <br><br>  Plaintiffs, <br><br> vs. <br><br> CLEOPATRA RECORDS, INC. <br><br>  Defendant. | Civil No. 06-00578 JMS/KSC <br><br> JUDGMENT AND PERMANENT INJUNCTION |

## JUDGMENT AND PERMANENT INJUNCTION

The Court, having considered the Stipulation to Judgment and Permanent Injunction executed by the parties, filed herein on March 12, 2007, and based upon said Stipulation to Judgment and Permanent Injunction enters the following Judgment and Permanent Injunction.

IT IS ORDERED AND ADJUDGED THAT:

1.  Defendant Cleopatra Records, Inc., its agents, officers, directors, shareholders, employees and attorneys, and all others in active concert or participation with them, who receive actual notice of the Court's injunction shall either take the actions or shall be, enjoined and restrained from:

    A.  The manufacture, distribution, marketing, advertising and/or sale of the phono-record *Over the Rainbow a Hawaiin (sic) Tribute to Israel Kamakawiwoʻole*, (hereafter referred to as the "Album") and any other use of the musical composition *White Sandy Beach of Hawaiʻi,* or the sound recording *Alone in IZ World*, or any other musical composition or sound recording substantially similar thereto; and

    B.  Any and all use of the trademark "IZ," or any other mark that is likely to cause confusion therewith.

2.  (A)  Cleopatra shall within two (2) business days, issue a notice

to Navarre Corp. ("Navarre"), who Cleopatra warrants and represents is its sole distributor of physical copies of the Album to:

    i. Immediately cease all distribution of the Album;

    ii. Return all copies of the Album in Navarre's possession to Cleopatra for destruction pursuant to paragraph 3 below;

    iii. Delete all references to the Album from Navarre's web site;

    iv. Inform customers to return the Album to Navarre; and

    v. Return to Cleopatra all copies of the Album subsequently returned to Navarre for destruction pursuant to paragraph 3 below.

(B) Cleopatra shall, within two (2) business days, issue a notice to all entities engaged in the delivery of the Album via digital download, to cease the continued delivery of the Album via digital download and to "take down" the Album from each of the web sites offer it for sale via digital download delivery.

(C) Cleopatra shall, within 10 days, provide Mountain Apple Company, Inc., with a written statement, signed and sworn to

be true and accurate by its president, of its full compliance with the provisions of this paragraph, together with a copy of the notices referred to in this paragraph.

3. Cleopatra shall destroy all copies of the Album recalled, received by it and/or currently in the possession of Cleopatra, after having first given MAC ten (10) days advance written notice of the place and time of the destruction and shall affirmatively allow MAC, or a representative of MAC, to witness the destruction of all copies of the Album.  Cleopatra shall further advise MAC of any subsequent receipt together with the time and place of the destruction of further copies of the Album which are returned to Cleopatra by its distributor.

4. Cleopatra shall comply with this order immediately and remain in compliance herewith.

5. Cleopatra agrees that it shall receive notice of entry of the Judgment and Permanent Injunction by having the same served upon its attorney, S. Martin Keleti at 740 North La Brea Avenue, Los Angeles, California 90038-3339 by U.S. Mail, postage prepaid.  Cleopatra understands and agrees that violation of the Judgment and Permanent Injunction will expose it to all penalties provided by law, including for contempt of court.

6. Cleopatra has irrevocably and fully waived any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Cleopatra shall not make any public statements that are inconsistent with any term of this Stipulation to Judgment and Permanent Injunction.

8. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing the parties settlement agreement and this final Judgment and Permanent Injunction.

9. This judgment and permanent injunction disposes of all claims of all parties in this case. Each party shall bear his, her or its own attorneys' fees and costs. The clerk of the court is directed to close this case.

DATED: Honolulu, Hawaii, March 15, 2007.



_____
J. Michael Seabright
United States District Judge

*Mountain Apple Company, Inc., et al. v. Cleopatra Records, Inc.*, Civil No. 06-00578 JMS/KSC, Judgment and Permanent Injunction