Mark D. Bernstein     #2642
63 Merchant Street
Honolulu, HI 96813
Tel. No.  (808) 537-3327
Fax No.  (808) 538-7049
E-mail: markdb@hawaii.rr.com

PAUL MAKI       #1159
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Tel. No.  (808) 545-1122
Fax No.  (808) 545-1711
E-mail: pmaki@makilaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOUNTAIN APPLE COMPANY, INC. and MARLENE K. KAMAKAWIWO`OLE as Trustee of the Marlene K. Kamakawiwo`ole Revocable Trust, individually and doing business as Big Boy Records,<br><br>Plaintiffs,<br><br>vs.<br><br>CLEOPATRA RECORDS, INC.<br><br>Defendant. | Civil No. 06-00578 JMS/KSC<br><br>STIPULATION AND ORDER RESOLVING PLAINTIFFS' MOTION TO FIND DEFENDANT IN CONTEMPT AND FOR AN AWARD OF SANCTIONS, FILED ON MAY 6, 2009, AND REAFFIRMING PERMANENT INJUNCTION OF MARCH 15, 2007 |

STIPULATION AND ORDER RESOLVING PLAINTIFFS'
MOTION TO FIND DEFENDANT IN CONTEMPT AND
FOR AN AWARD OF SANCTIONS, FILED ON MAY 6, 2009,
AND REAFFIRMING PERMANENT INJUNCTION
OF MARCH 15, 2007

Plaintiffs MOUNTAIN APPLE COMPANY, INC. ("Mountain Apple") and MARLENE K. KAMAKAWIWO`OLE as Trustee of the Marlene K. Kamakawiwo`ole Revocable Trust, individually and doing business as Big Boy Records ("the Trust") and defendant CLEOPATRA RECORDS, INC. ("Cleopatra") hereby stipulate to the following:

1. On March 15, 2007, a Judgment and Permanent Injunction was entered in this matter. That Judgment and Permanent Injunction enjoined and restrained Cleopatra Records and

> its agents, officers, directors, shareholders, employees and attorneys, and all others in active concert or participation with them ... from:
> ***
> Any and all use of the trademark "IZ," or any other mark that is likely to cause confusion therewith.

2. In that Judgment and Permanent Injunction, Cleopatra acknowledged that a violation of its terms would expose Cleopatra to all penalties provided by law, including for contempt of court.

3. Cleopatra was served with the Judgment and Permanent Injunction pursuant to its terms, on March 15, 2007.

4. Plaintiffs have recently discovered that Cleopatra has distributed, via digital means, a release entitled "HAWAIIAN ROOTS OF IZ" which plaintiffs maintain improperly utilizes the trademark "IZ" as shown on Exhibit A attached hereto, and which plaintiffs assert is in violation of the Judgment and Permanent Injunction and have filed a motion herein requesting that the Court find Cleopatra in contempt and awarding sanctions.

5. The parties hereby stipulate and agree (without Cleopatra admitting liability or wrongdoing arising from the allegations set forth in paragraph 4 above) to resolve this matter as follows:

   a. Cleopatra shall pay plaintiffs' costs and attorneys' fees incurred in the preparation and filing of their motion for contempt and for sanctions in the amount of TWO THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($2,500), with said sum to be paid by no later than June 1, 2009;

   b. Cleopatra shall cease immediately all exploitation and/or sale of any and all products (including digital releases) bearing the

words "HAWAIIAN ROOTS OF IZ" shown on Exhibit A attached hereto and shall not resume any production or sale of any product bearing the word "IZ" or any other words likely to be confused therewith;

        c.      Cleopatra shall immediately remove the release bearing the words "HAWAIIAN ROOTS OF IZ" from all web sites in its control, and, as to those web sites not in its control, it shall immediately notify its digital aggregator that it must take immediate steps to remove the release bearing the words "HAWAIIAN ROOTS OF IZ" from all digital stores and other digital outlets and any other locations where the release shown on Exhibit A attached hereto is being sold, and that all use of the words "HAWAIIAN ROOTS OF IZ" must be removed, and Cleopatra shall use its best efforts complete the removal of all such words by no later than July 2, 2009, and shall not thereafter resume any such use. In the event that plaintiffs discover, after July 2, 2009, that Cleopatra's release continues to use the words "HAWAIIAN ROOTS OF IZ" in a particular digital store or web site, plaintiffs shall, prior to seeking any further relief from the Court, notify Cleopatra's attorneys of the exact nature of the improper use and will give Cleopatra a time period of ten (10) further business days to cause the removal of the improper use.

    d. The agreements and prohibitions set forth in this Stipulation shall extend to physical phonorecords, although Cleopatra has represented to plaintiffs that is has not manufactured any physical phonorecords bearing the words "HAWAIIAN ROOTS OF IZ."

    e. Nothing herein shall affect Cleopatra's right to continue to exploit the recordings contained on the above-entitled release, provided that Cleopatra does not utilize the words "HAWAIIAN ROOTS OF IZ," or any confusingly similar combination of words using the word "IZ," on, in, or in connection with, the release.

    d. The provisions of the Judgment and Permanent Injunction herein are hereby reaffirmed. Specifically, Cleopatra, its agents, officers, directors, shareholders, employees, and all others in active concert or participation with them who receive actual notice of the Court's injunction shall be, and hereby are, enjoined and restrained from:

     i. The manufacture, distribution, marketing, advertising and/or sale of the record *Over the Rainbow a Hawaiin (sic) Tribute to Israel Kamakawiwo'ole*, and any other use of the musical composition *White Sandy Beach of Hawaii* or the sound recording *Alone in IZ World*, or any other musical composition or sound recording substantially similar

thereto; and

        ii. Any and all use of the trademark "IZ" or any other mark that is likely to cause confusion therewith.

    e. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

6. With the foregoing, the issues raised in Plaintiffs' Motion to Find Defendant in Contempt and for an Award of Sanctions, filed on May 6, 2009, have been fully resolved, and said motion shall be, and hereby is, withdrawn.

/s/ Mark D. Bernstein          Dated: May 28, 2009
/s/ Paul Maki

Attorneys for Plaintiffs

CLEOPATRA RECORDS, INC.     Dated: May 28, 2009

By /s/ Brian Perera
   Its C.E.O.

REVIEWED AND APPROVED:

/s/ S. MARTIN KELETI
Attorney for Defendants

APPROVED AND SO ORDERED.

DATED:   Honolulu, Hawaii, May 29, 2009.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

Mountain Apple Company, Inc., et al. v. Cleopatra Records, Inc., Civil No. 06-00578 JMS/KSC, Stipulation and Order Resolving Plaintiffs' Motion to Find Defendant in Contempt and for an Award of Sanctions, Filed on May 6, 2009, and Reaffirming Permanent Injunction of March 15, 2007